NOT FOR PUBLICATION                                                                  CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| COMPASSIONATE CARE, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD DIORIO, ET. AL<br><br>　　　　Defendants | Civil Docket No. 04-5257<br>Hon. Faith S. Hochberg, U.S.D.J.<br><br>**OPINION & ORDER**<br><br>Dated: July 14, 2005 |

**HOCHBERG, District Judge:**

　　This Matter calls upon the Court to determine whether to grant the Motion for Summary Judgment brought by Defendant Prudential Insurance Company.  This Court has considered the submissions by the parties pursuant to Fed. R. Civ. P. 78; and

　　it appearing that pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and

　　it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."  Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party. Peters v. Delaware River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994); and

it appearing that the party seeking summary judgment always bears the initial burden of production. Celotex Corp., 477 U.S. at 323; and

it appearing that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden. See id. at 322–23; and

it appearing that Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party;" and

it appearing that it is well settled that "this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); and

it appearing that in considering an unopposed summary judgment motion, it is entirely appropriate for this Court to treat all of the facts properly supported by the movant to be uncontroverted. See id. at 176; Longoria v. New Jersey, 168 F. Supp. 2d 308, 312, n.1 (D.N.J. 2001) (holding that where plaintiff had not submitted a Rule 56.1 statement, the court would treat the facts in the defendant's Rule 56.1 statement as admitted unless controverted in the plaintiff's briefs or contradicted by the evidence); see also Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992);

and

 it appearing that Plaintiff's counsel informed the Court in writing on June 14, 2005 that Plaintiff does not oppose Prudential Insurance Company's Motion for Summary Judgment; and

 it appearing that Plaintiff has neither identified nor supplied any contract involving Prudential Insurance Company; and

 it appearing that Plaintiff has produced no documentation suggesting that any claim for Ronald Diorio was submitted to Prudential Insurance Company; and

 it appearing that there is no evidence from Plaintiff demonstrating that Prudential Insurance Company agreed to pay for any services rendered as part of a plan involving Ronald or Judith Diorio.

 **IT IS**, on this 14th day of July 2005,

 **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and it is further

 **ORDERED** that all claims against the Estate of Ronald and Judith Diorio and Corum Resource Network were dismissed voluntarily on July 13, 2005, and it is further

 **ORDERED** that this case is **CLOSED**.


             /s/ Faith S. Hochberg
             Hon. Faith S. Hochberg, U.S.D.J.